IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHENNA D. SPENCER                                                                                    PLAINTIFF

v.                                         CIVIL NO. 23-3004

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Shenna D. Spencer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on May 26, 2020, alleging an inability to work since February 28, 2019, due to back surgeries, fibromyalgia, depression, insomnia, carpal tunnel, nerve damage, arthritis, endometriosis, migraines, and trigeminal neuralgia. (Tr. 95-96, 215). For DIB purposes, Plaintiff maintained insured status through March 31, 2020. (Tr. 12, 32, 225). An administrative video hearing was held on November 18, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 29-70).

By written decision dated January 25, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found prior to the date last insured, Plaintiff had the following severe

impairments: lumbar degenerative disc disease with moderate stenosis and mild disc bulge; status post surgeries including laminectomy; major depressive disorder; anxiety disorder; and migraine headaches with dizziness. However, after reviewing all the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch and crawl; she can have no exposure to unprotected heights; work can be performed where interpersonal contact with the general public is incidental; tasks should be no more complex than those learned and performed by rote, with few variables and little judgment; and the supervision required is simple, direct, and concrete.

(Tr. 18). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as a cutter and paster, a document preparer, and a tube operator. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on November 23, 2022. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) The ALJ erred in determining Plaintiff's medical doctors' opinions were unpersuasive; 2) The ALJ erred in determining Plaintiff's severe impairments; 3) The ALJ erred in evaluating Plaintiff's subjective complaints; and 4) The ALJ erred in determining Plaintiff did not meet or equal a Listing. (ECF No. 11). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 13).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on March 31, 2020. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of February 28, 2019, her alleged onset date of disability, through March 31, 2020, the last date she was in insured status under Title II of the Act. In order for Plaintiff to qualify for DIB, she must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical

or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform sedentary work with limitations prior to her date last insured, the ALJ considered the medical assessments of treating medical providers and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 7th day of December 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE